FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 OCT 30 A 11: 18

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| STEPHEN L. CABO, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-3082 |
| VITAL STATISTICS ADMINISTRATION, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On October 9, 2015, the Court received for filing a self-represented action submitted by Stephen L. Cabo, a resident of Silver Spring, Maryland.[1] Cabo submits no complaint, but only a copy of a document captioned as a "Revocation of Birth Certificate," the original of which was apparently sent to Defendants. ECF No. 1. He refers to himself as a "natural born free sovereign individual" and seemingly asserts that Defendant Agencies breached an underlying contract by engaging in a "statutory practice" to require that a birth certificate be entered on the record. Cabo further appears to state that such a certificate was "introduced into evidence" and violated his rights to privacy and Fourth Amendment protections. He asserts that "the birth certificate creates a legal estate in myself and acts as a nexus to bring actions against this individual as if he was a corporate entity," and claims that the "State of Maryland, in cooperation with the federal

---

[1] Cabo did not provide a street address or telephone number on any of the documents he submitted. Notwithstanding this omission, the Court observes that a Stephen Lawrence Cabo, with a July 1993 date of birth, is listed in the traffic docket of the State of Maryland at a 9113 Louis Avenue, Silver Spring, Maryland address. The Clerk shall mail a copy of this Order to that address.

government and its agents and assigns, is maintaining the aspects of my life in direct contravention of my unalienable rights and Constitutionally secured rights to be a 'free entity' and to cooperate at the common law." ECF No. 1. Cabo alleges that the statutory provisions cause a loss or diminution of his rights under the First, Second, Fourth, Fifth, Sixth, Seventh, and Ninth Amendments. He claims that he is a "free entity," that any nexus assumed as a result of his birth certificate should be declared "null and void from its inception," and that he was neither born nor naturalized in the United States. Cabo also cites to the Code of Federal Regulations and the Uniform Commercial Code. He apparently seeks the revocation of his birth certificate. *Id*. Because he appears indigent, Cabo's Motion for Leave to Proceed in Forma Pauperis shall be granted.

This Court is required to liberally construe self-represented complaints, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), which are to be held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When evaluating a self-represented complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Leneau v. Aplin*, No. 4:09–932–CMC–TER, 2009 WL 1749430, at *2 (D.S.C. June 22, 2009) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8

of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to pro se pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Pursuant to 28 U.S.C. § 1915A(a), a federal court must screen prisoner complaints which seek redress from a governmental entity or officer or employee of such an entity. The screening process under 28 U.S.C. § 1915 also applies to non-prisoner self-represented litigants who are proceeding in forma pauperis. *Boyington v. Geo Group, Inc.*, No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642 (M.D. Fla. Sept. 25, 2009) (citing *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002)) (noting that dismissals under 28 U.S.C. § 1915 apply to non-prisoners, even if fee assessment provisions do not); *see also Newsome v. EEOC*, 301 F.3d 227, 3231–33 (5th Cir. 2002).

Because Cabo is proceeding in forma pauperis, the Court must conduct a *sua sponte* screening of this Complaint to identify any viable claim and must dismiss any part of the action which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Haynesworth v. Hampton City Jail*, No. WDQ-14-3139, 2014 WL 5140350, at * 1 (D. Md. Oct. 9, 2014).

The statements made in the Complaint are nonsensical, referencing a breach of contract, state trust, and the Uniform Commercial Code. The thrust of the cause of action is Cabo's claim that the recording of his birth certificate violates his privacy rights. Plaintiff's date of birth and

3

social security number do not involve information of such an intimate or personal nature that it is entitled to constitutional protection. *See Cline v. McMinn Cnty., Tenn.*, 87 F.3d 176 (6th Cir.1996) (stating that disclosure of a criminal record does not violate a fundamental personal right inasmuch as such records are a matter of public record). Moreover, while a social security number is often protected from disclosure and is not disseminated to the public, the contention that disclosure of a social security number violates the right to privacy has been "consistently rejected." *McElrath v. Califano*, 615 F.2d 434, 41 (7th Cir. 1980); *see also Pitts v. Perkins Local Sch. Bd. of Educ.*, No. 1:05CV2226, 2006 U.S. Dist. LEXIS 25161 (N.D. Ohio Apr. 19, 2006); *Sexton v. Runyon*, No. 1:03-CV-291-TS, 2005 U.S. Dist. LEXIS 367 (N.D. Ind. Jan. 7, 2005). Consequently, the recording of Cabo's birth certificate does not rise to the level of a constitutional violation.[2] The cause of action shall be dismissed.

Accordingly, it is this **30th** day of October 2015, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Cabo's Motion for Leave to Proceed In forma Pauperis (ECF No. 2) is GRANTED;

2. Cabo's cause of action is DISMISSED for the failure to state a claim;

3. The Clerk SHALL close this case; and

4. The Clerk SHALL MAIL a copy of this Order to Cabo at 9113 Louis Avenue, Silver Spring, Maryland 20910 address.

GEORGE J. HAZEL
United States District Judge

---

[2] The language used in Cabo's "complaint" referencing "a natural born free sovereign individual" is a variation on the "flesh and blood" defense frequently raised in criminal prosecutions and soundly rejected. Cabo's contentions, whether couched in "flesh and blood" language and/or the Uniform Commercial Code, do not raise claims involving violation of the Constitution or laws or treaties of the United States.